## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAIME ISAI LOCON CORDERO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A. No. 25-cv-12802-IT |
| ) | |
| PATRICIA HYDE, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

## <u>MOTION FOR ENFORCEMENT OF ORDER</u>

1. Petitioner Jaime Locon Cordero has been unlawfully detained by the Department of Homeland Security ("DHS") since September 27, 2025.

2. On October 4, 2025, in violation of the Order issued by this Court, Respondents moved Mr. Locon Cordero from New York to Mississippi. ECF No. 4.

3. On October 31st, 4:36PM, this Court ordered that ICE shall return Petitioner to Massachusetts within 72 hours of the issuance of the order. ECF. No. 15. at 11. At 5:01PM, twenty-five minutes after the issuance of the Order, Respondents informed counsel that they likely would not comply with the Court's Order, citing the logistical difficulty of returning him within 72 hours. Emails From Mark Sauter at 5:01pm on October 31, 2025 (a true copy of which is attached hereto at ***Exhibit 1***). Two minutes later, 5:03pm, Respondents' counsel stated that they are not complying with the order, and the Petitioner would not arrive in Massachusetts until Tuesday, November 5, 2025, in violation of the Order. ECF Doc. 16 at 2. An hour before the Court's deadline, Respondents requested until the following day to return Mr. Locon Cordero to Massachusetts. ECF No. 16.

4. At 6:33pm on November 3, 2025, Petitioner's counsel received notification from ICE that Mr.

Locon Cordero was in Ohio. Declaration of Mikell Abernethy ("Abernethy 2nd Decl." filed herewith **Exhibit 2**) ¶4; ICE ERO Efile Notifications (a true copy of which is attached hereto at **Exhibit 3**).

5.  At 3:36am on November 4, 2025, Mr. Locon Cordero managed to call a family member and informed them he was in Louisiana. Abernethy 2nd Decl. ¶5.

6.  At 10:18am on November 4, 2025, after the end time of the extension, the ICE detainee locator did not indicate where Mr. Locon Cordero was being held, instead stating "Call ICE For Details." *Id*. ¶7; Screenshot of ICE Detainee Locator (a true copy of which is attached hereto at **Exhibit 4**).

7.  At 10:24am on November 4, 2025, counsel called the Burlington ICE field office and was informed that their system was not showing his current location, and that the system might not show where he is for "one to three days." *Id*. ¶8.

8.  Around 11:16am on November 4, 2025, the Petitioner's wife received a call from the relative of another detainee stating that Mr. Locon Cordero had asked them to call her to let her know that he was in Louisiana. *Id*. ¶9.

9.  At 11:23am after Petitioner's counsel contacted Respondents' counsel for an update on the Petitioner's location, Respondents responded that they were unable to transport Mr. Locon Cordero pursuant to the Court's Order, that he was being held at a "staging facility" in Louisiana and that he would not be returned to Massachusetts until November 7, 2025. Email from Mark Sauter at 11:23 am on November 4, 2025 (a true copy of which is attached hereto at **Exhibit 5**).

10. Respondents then communicated that they intend to keep Mr. Locon Cordero at this temporary facility and conduct the bond hearing from there. *Id.*

## JURISDICTION

11. Petitioner's motion is brought pursuant to this Court's inherent authority to enforce and monitor compliance with its orders. United States v. New York Tel. Co., 434 U.S. 159, 172 (1977) (federal courts can issue all orders that "may be necessary or appropriate to effectuate and prevent the frustration of orders"); see also 28 U.S.C. § 1651(a).

## ARGUMENT

12. Respondents have repeatedly violated orders and the authority of this Court and continue to do so knowingly and willingly. Respondents' counsel informed Petitioner's counsel, seventy-one hours before the deadline, that they were not going to comply with the Court's order, but then waited until an hour and ten minutes before the violating the Order to inform the Court.

13. Given the extensive resources at ICE's disposal, it is unclear why it would take more than 72 hours to transport a detainee from Mississippi to Massachusetts, and Respondents presented no evidence to support their assertion that they were unable, as opposed to unwilling, to do so. Their general increase in operational capacity, including a recent $170 billion dollar allotment, strongly indicate that they could have transferred Petitioner.[1] By ICE's own representations, in coordination with ICE Air Operations, ICE field offices "conduct daily domestic transfer missions and removal missions out of several states," including Louisiana, and further state that, "ICE Air Charter Operations may adapt flight routes and schedules to meet various operational demands."[2] Routine coordination or transportation issues are foreseeable aspects of agency operations and cannot excuse noncompliance with a federal court order. It is also unclear why, even if there was not a private ICE flight, they could not

---

[1] Immigration and Customs Enforcement was recently allocated $170 billion dollars under H.R. 1, One Big Beautiful Bill Act, 119th Cong., 139 Stat. 72 (2025) (enacted as Pub. L. No. 119-21). ICE has almost tripled its budget from 2024. See Margy O'Herron, *Big Budget Act Creates a "Deportation-Industrial Complex"*, Brennan Center for Justice (Aug. 13, 2025).
[2] https://www.ice.gov/features/ICE-Air

return Mr. Locon Cordero to Massachusetts via commercial flight or other means of transportation.[3]

14. The prior circumstances of Mr. Locon Cordero's transfer further support ICE's ability to move detainees at will, as they had no problem transferring him between planes and busses, keeping him shackled for long periods of time, depriving him of food and water, and putting him on long bus rides where men had no choice but to urinate where they were sitting because they were not permitted to use the restroom. Petitioner's Reply to Respondent's Memorandum in Opposition to Petition for Writ of Habeas Corpus, Ex. A (Locon Cordero Decl.) ¶¶ 16-17, 29-30 [Doc. No. 10-1]

15. Then, after being granted more time, Respondents have *still* failed to return Mr. Locon Cordero to the state of Massachusetts, and now state that they will not be able to return Mr. Locon Cordero to Massachusetts until November 7, 2025, a full week after the Order entered by this Court. It is incomprehensible why now Respondents need three more days to get him from Louisiana to Massachusetts and why it will take a full week after the Order was entered.

16. Respondents ongoing noncompliance fundamentally undermines the purpose of the writ of Habeas Corpus. "The basic principle of the Great Writ of habeas corpus," the Supreme Court explained, "is that, in a civilized society, government must always be accountable to the judiciary for a man's imprisonment: if the imprisonment cannot be shown to conform with the fundamental requirements of law, the individual is entitled to his immediate release." Fay v. Noia, 372 U.S. 391, 399-402 (1963) (emphasis added).

17. Habeas corpus exists to ensure that unlawful detention is promptly remedied and courts can "safeguard against arbitrary and lawless state action." *Harris,* 394 U.S. at 290–91. To permit the

---

[3] The administrative burden would also be lessened if Respondents had not violated the previous Court order when they moved him from New York to Mississippi.

Government to extend that confinement after this Court's finding of illegality would convert habeas from a "vital instrument to secure [freedom]" into a mere administrative suggestion. *Boumediene v. Bush*, 553 U.S. 723 at 739.

18. Respondents' knowing and willing violations of court orders are depriving Mr. Locon Cordero of the remedy of the writ of Habas Corpus. Their failure to comply prolongs his ongoing detention and compounds the irreparable harm he is suffering. Despite ICE ERO Efile stating he is in Ohio, it would appear Mr. Locon Cordero has been up all night in a staging facility in Louisiana, presumably without a bed, in shackles, and in deplorable conditions consistent with those he has suffered thus far.

19. Respondents' counsel has stated that they will not return Mr. Locon Cordero to Massachusetts until November 7, 2025, four days after the extension, and one day after his scheduled bond hearing that was in accordance with the Order. ECF No. 15. Respondents could be sending him anywhere, as Respondents have not complied with any orders to date. The government initially proposed delaying the bond hearing until November 7, 2025, but then notified counsel they are scheduling it while Mr. Locon is in a staging facility. Ex. 5. It is unclear whether he will have access to counsel in the staging facility.

20. The Petitioner has already suffered psychological and physical mistreatment at the hands of the Respondent, and for an arrest for which no legal basis has been given. In addition to the irreparable harm Mr. Locon is suffering because of Respondents' ongoing violations of the Order, if Petitioner's bond hearing goes forward while he is at yet another temporary facility without the ability to communicate with counsel, he is at increased risk of further unlawful and erroneous detention in violation of his due process rights under the fifth amendment. Further, if he is granted bond on November 6, 2025, not being in Massachusetts will continue

to delay his release.

21. Therefore, Petitioner respectfully moves this court to order Petitioner's immediate return and

release.

Dated: November 4, 2025                    Respectfully submitted,
                                           **Jaime Locon Cordero,**

                                           By his attorney,
                                           /s/ Jill Seeber
                                           Jill Seeber, BBO # 689366
                                           Mabel Center for Immigrant Justice
                                           200 Portland Street, 5th Floor
                                           Boston, MA 02114
                                           Tel. 617-835-0880

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


Dated: November 4, 2025                    /s/ Jill Seeber
                                           Jill Seeber, BBO # §689366
                                           Mabel Center for Immigrant Justice
                                           200 Portland Street, 5th Floor
                                           Boston, MA 02114
                                           Tel. 617-835-0880

**LR 7.1 Certificate**

I hereby certify that I conferred with Respondents' counsel in an attempt to reach an agreement on the foregoing Motion, but no agreement could be reached.

                                           /s/ Jill Seeber
                                           Jill Seeber, BBO # 689366

7